UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANDRENIQUE HOWARD,

Plaintiff,

v.

INTERNAL REVENUE SERVICES, *et al.*,

Defendants.

Case No. 2:26-cv-1864-DAD-JDP (PS)

ORDER

Plaintiff brings this action against Louisiana Internal Revenue Service ("IRS"), Social Security Administration ("SSA), Louisiana Revenue Service, and Child Support Services. Her claims, as articulated, are not cognizable. I will dismiss the complaint and give plaintiff an opportunity to remedy the deficiencies identified below. I will also grant plaintiff's application to proceed *in forma pauperis*, which makes the showing required by 28 U.S.C. §§ 1915(a)(1) and (2) and deny her motion for electronic filing privileges and motion to compel evidence.[1]

[1] Plaintiff filed a motion asking for permission to electronically file. ECF No. 4. As a general rule, "any person appearing pro se may not utilize electronic filing except with permission of the assigned Judge or Magistrate Judge." E.D. Cal. L.R. 133(b)(2). "Requests to use paper or electronic filing as exceptions from these Rules shall be submitted as stipulations as provided in L.R. 143 or, if a stipulation cannot be had, as written motions setting out an explanation of reasons for the exception." E.D. Cal. L.R. 133(b)(3). The court does not find good cause to depart from the normal filing procedure for unrepresented litigants. The motion is therefore

**Screening and Pleading Requirements**

A federal court must screen the complaint of any claimant seeking permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(e). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.*

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

---

denied.

Plaintiff has also filed a motion to compel evidence from defendants. ECF No. 3. Discovery will commence following the parties Rule 26(f) conference, should litigation proceed to that point. Accordingly, this motion is denied.

**Analysis**

Plaintiff alleges that she has requested from each defendant copies of certain documents because she believes that the documents have been altered or tampered with without her permission. ECF No. 1 at 1. Plaintiff alleges that any possible tampering has violated her Fourth Amendment privacy rights. *Id.* Plaintiff's allegations do not state a claim. Plaintiff's limited allegations are insufficient to put defendant and the court on notice of plaintiff's claims and the factual basis for such claims. *See Jones v. Cmty. Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984) ("The plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support the plaintiff's claim."). Plaintiff does not allege in any factual allegations regarding the context of defendants' wrongful conduct.

Accordingly, plaintiff's complaint is dismissed for failure to state a claim. I will allow plaintiff a final chance to amend her complaint before recommending that this action be dismissed. Plaintiff should take care to add specific factual allegations against each defendant. If plaintiff decides to file an amended complaint, the amended complaint will supersede the current one. *See Lacey v. Maricopa Cnty.*, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc). This means that the amended complaint will need to be complete on its face without reference to the prior pleading. *See* E.D. Cal. Local Rule 220. Once an amended complaint is filed, the current one no longer serves any function. Therefore, in an amended complaint, as in the original, plaintiff will need to assert each claim and allege each defendant's involvement in sufficient detail. The amended complaint should be titled "First Amended Complaint" and refer to the appropriate case number. If plaintiff does not file an amended complaint, I will recommend that this action be dismissed.

Accordingly, it is ORDERED that:

1. Plaintiff's complaint, ECF No. 1, is DISMISSED with leave to amend.

2. Within twenty-one days from service of this order, plaintiff shall file either (1) an amended complaint or (2) notice of voluntary dismissal of this action without prejudice.

3. Failure to timely file either an amended complaint or notice of voluntary dismissal may result in the imposition of sanctions, including a recommendation that this action be dismissed

with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

4. Plaintiff's application to proceed *in forma pauperis*, ECF No. 2, is GRANTED.

5. Plaintiff's motion asking for electronic filing privileges, ECF No. 4, is DENIED.

6. Plaintiff's motion to compel evidence, ECF No. 3, is DENIED.

IT IS SO ORDERED.

Dated: July 20, 2026

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE