UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANDRENIQUE HOWARD,

Plaintiff,

v.

INTERNAL REVENUE SERVICES, *et al.*,

Defendants.

Case No. 2:26-cv-1864-DAD-JDP (PS)

ORDER

Plaintiff alleges in her first amended complaint claims against the Internal Revenue Service ("IRS"), Social Security Administration ("SSA), and San Jaoquin County Child Support Services. Her claims, however, remain unconfinable. I will dismiss the complaint and give plaintiff a final opportunity to remedy the deficiencies identified below.

**Screening and Pleading Requirements**

A federal court must screen the complaint of any claimant seeking permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(e). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.*

A complaint must contain a short and plain statement that plaintiff is entitled to relief,

Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Analysis**

Plaintiff alleges that she believes that the SSA, the IRS, and San Joaquin County Child Support Services have accessed and tampered with her private information. ECF No. 8 at 1. Plaintiff seems to suggest that these agencies have falsified documents pertaining to her employment and ability to pay her child support payments. *Id.* at 2-4. In an effort to prove these allegations, plaintiff has sent inquiries to defendants asking for access to all documents pertaining to her. *Id.* Plaintiff has not received copies of these documents. *Id.*

As for her claim, plaintiff references both the Fourth and the Thirteenth Amendments. *Id.* at 1-2. However, the factual allegations as articulated fail to state a claim under either amendment.

"To succeed on a § 1983 claim, a plaintiff must show that (1) the conduct complained of was committed by a person acting under color of state law; and (2) the conduct deprived the

plaintiff of a federal constitutional or statutory right." *Patel v. Kent Sch. Dist.*, 648 F.3d 965, 971 (9th Cir. 2011). The Fourth Amendment protects "[t]he right of the people to be secure in their persons, houses, papers, and effects against unreasonable searches and seizures." U.S. Const. amend. IV. Plaintiff has not alleged facts that support a violation by a state actor of the Fourth Amendment. Indeed, plaintiff has alleged no facts that anything was either searched or seized. Instead, it appears that plaintiff takes issue with defendants' access to her records.

Moreover, plaintiff has failed to demonstrate how defendants violated the Thirteenth Amendment. The complaint states that defendants violated her Thirteenth Amendment rights by "making actions towards [her] as if she is a slave and has no rights to know or review or dispute what's going on in her name, in order to prevent future & false prosecution. . . ." *Id.* at 2. Plaintiff fails to sufficiently allege how defendants' actions violate the Thirteenth Amendment,

Accordingly, plaintiff's complaint is dismissed for failure to state a claim. I will allow plaintiff one final chance to amend her complaint before recommending that this action be dismissed. Plaintiff should take care to add specific factual allegations against each defendant. If plaintiff decides to file an amended complaint, the amended complaint will supersede the current one. *See Lacey v. Maricopa Cnty.*, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc). This means that the amended complaint will need to be complete on its face without reference to the prior pleading. *See* E.D. Cal. Local Rule 220. Once an amended complaint is filed, the current one no longer serves any function. Therefore, in an amended complaint, as in the original, plaintiff will need to assert each claim and allege each defendant's involvement in sufficient detail. The amended complaint should be titled "Second Amended Complaint" and refer to the appropriate case number. If plaintiff does not file an amended complaint, I will recommend that this action be dismissed.

Accordingly, it is ORDERED that:

1. Plaintiff's complaint, ECF No. 8, is DISMISSED with leave to amend.

2. Within twenty-one days from service of this order, plaintiff shall file either (1) an amended complaint or (2) notice of voluntary dismissal of this action without prejudice.

3. Failure to timely file either an amended complaint or notice of voluntary dismissal may

result in the imposition of sanctions, including a recommendation that this action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

Dated: September 17, 2026

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE