UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANDRENIQUE HOWARD,

Plaintiff,

v.

INTERNAL REVENUE SERVICES, *et al.*,

Defendants.

Case No. 2:26-cv-1864-DAD-JDP (PS)

FINDINGS AND RECOMMENDATIONS

The court has screened plaintiff's complaints twice and both times found that plaintiff had failed to state a claim. Plaintiff has now filed her second amended complaint, but it fares no better than her prior complaints. At this juncture, the court is compelled to find that plaintiff has not stated a claim and to recommend that this action be dismissed without leave to amend.

**Screening and Pleading Requirements**

A federal court must screen the complaint of any claimant seeking permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(e). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.*

A complaint must contain a short and plain statement that plaintiff is entitled to relief,

Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr*., 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc*., 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Analysis**

Plaintiff alleges in her second amended complaint claims against the Internal Revenue Service ("IRS"), Social Security Administration ("SSA), and San Jaoquin County Child Support Services. ECF No. 10. The crux of her allegations remains largely unchanged from her prior complaints: plaintiff alleges that defendants have accessed and tampered with her private information. *Id.* at 7, 9-10. A notable difference in this complaint is that plaintiff dedicates the majority of the complaint to discussing various legal authorities, including the First, Fourth, Thirteen, and Fourteenth Amendments, forma pauperis, mandated reports, contra non valentem, Freedom of Information Act, and more. *Id.* at 2-10.

I recommend that plaintiff's second amended complaint be dismissed without leave to amend because plaintiff has continued to not present specific claims against specific defendants. As noted, she lists various legal authorities at in the second amended complaint but does not

adequately connect them to any defendant. Plaintiff must provide notice to defendants as to what claims she brings against which defendants. The second amended complaint, like its predecessors, is insufficient to put defendants on notice of plaintiff's claims and of the factual basis for them. *See Jones v. Cnty. Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984) ("The plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support the plaintiff's claim."). In the prior order, I advised plaintiff of this deficiency, but she has failed to adequately plead in such a manner as to provide defendants with notice of her claims.

Accordingly, the second amended complaint must be dismissed. Plaintiff has been afforded two opportunities to amend. Because she has failed to correct the issues identified previously, dismissal with prejudice is appropriate. *See Destfino v. Reiswig*, 630 F.3d 952, 959 (9th Cir. 2011) ("The district court's decision to dismiss the second amended complaint with prejudice was appropriate in light of [the] plaintiffs' repeated failure to cure the deficiencies in their pleadings.") (cleaned up).

Accordingly, it is RECOMMENDED that:

1. Plaintiff's second amended complaint, ECF No. 10, be DISMISSED without leave to amend.

2. The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: November 13, 2026

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE